UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------------X
ERIC BURNS, KERI DICKEY, ANGELA          :
RAMIREZ AND DIANA SANTILLAN,             :
Individually and on Behalf of All Other Persons :
Similarly Situated,                      :          Case No.:
                                         :
                    Plaintiffs,          :
                                         :          COMPLAINT AND
          -against-                      :          <u>JURY DEMAND</u>
                                         :
THE TJX COMPANIES, INC., MARMAXX         :
OPERATING CORPORATION d/b/a              :
MARMAXX  GROUP, AND MARSHALLS OF         :
MA, INC.,                                :
                                         :
                    Defendants.          :
-------------------------------------------------------------X

## INTRODUCTION

Plaintiffs Eric Burns, Keri Dickey, Angela Ramirez, and Diana Santillan (collectively

"Plaintiffs"), individually and on behalf of all other persons similarly situated, file this Collective

Action and Class Complaint (the "Complaint") against Defendants The TJX Companies, Inc.,

Marmaxx Operating Corporation d/b/a Marmaxx Group, and Marshalls of MA, Inc.

(collectively, "Defendants" or "Marshalls"), seeking all available relief under the Fair Labor

Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*  The following allegations are based

on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as

to the acts of others.

## NATURE OF THE ACTION

1.       Plaintiffs allege on behalf of themselves and other current and former

merchandising managers ("MMs"), employed by Defendants in the United States and who elect

to opt into this action pursuant to the FLSA (hereinafter the "Collective Action Members"), that

they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.  This FLSA claim specifically excludes those assistant managers holding the position or having the title of Operations Managers.

2.      Plaintiffs Angela Ramirez and Diana Santillan, on behalf of themselves and other current and former MMs employed by Defendants in New York (hereinafter the "Class"), also allege that they are entitled to, *inter alia*: (i) unpaid overtime wages and liquidated damages for hours worked above 40 in a workweek, as required by the New York Labor Law ("NYLL") §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations; and (ii) damages for Marshalls' willful failure to comply with the notice and recordkeeping requirements of NYLL §§ 195(1) and 195(3).  The Class does not include any assistant managers holding the position or having the title of Operations Managers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 1367.

4.      In addition, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

5.      The amount in controversy in this matter is more than the sum or value of $5,000,000, exclusive of interest and costs.

6.      At least one member of the Class is a citizen of a state different from one of the Defendants.

7.      Plaintiffs' claims involve matters of national or interstate interest.

8.      Defendants are subject to personal jurisdiction in the State of Massachusetts.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Defendants have their principal place of business in this District.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### *Plaintiffs*

11.     Plaintiff Eric Burns ("Mr. Burns") is an adult individual over the age of 18, residing in Louisa, Virginia.

12.     Marshalls employed Mr. Burns from approximately November 2011 until approximately March 2013, as a MM, at Defendants' store located in Charlottesville, Virginia.

13.     Plaintiff Keri Dickey ("Ms. Dickey") is an adult individual over the age of 18, residing in Ft. Wayne, Indiana.

14.     Marshalls employed Ms. Dickey from approximately 2009 until approximately April 2011, as a MM, at Defendants' store located in Ft. Wayne, Indiana.

15.     Plaintiff Angela Ramirez ("Ms. Ramirez") is an adult individual over the age of 18, residing in Yonkers, New York.

16.     Marshalls employed Ms. Ramirez from approximately 2007 until approximately May 2013, as a MM, at Defendants' stores located in Hartsdale New York and Port Chester, New York.

17.     Plaintiff Diane Santillan ("Ms. Santillan") is an adult individual over the age of 18, residing in Carmel, New York.

18. Marshalls employed Ms. Santillan from approximately September 2004 through approximately July 2008, and from approximately July 2009 until approximately June 2012, as a MM, at Defendants' stores located in Yonkers, New York and Bedford Hills, New York.

19. At all relevant times, Plaintiffs and the Collective Action Members were engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendants*

20. Upon information and belief, Defendant The TJX Companies, Inc. is a Delaware corporation with its principal places of business in Framingham, Massachusetts.

21. Upon information and belief, Defendant Marmaxx Operating Corporation d/b/a Marmaxx Group is a Delaware corporation with its principal places of business in Framingham, Massachusetts.

22. Upon information and belief, Defendant Marshalls of MA, Inc. is a Delaware corporation with its principal places of business in Framingham, Massachusetts.

23. According to its website, Defendant Marmaxx Group is the largest off-price retailer of apparel and home fashions in the U.S., with more than 900 retail stores nationwide.

24. At all relevant times, Defendants have employed Plaintiffs, the Collective Action Members, and the Class within the meaning of the FLSA and NYLL

25. Defendants are each covered employers within the meaning of the FLSA.

26. Defendants employed individuals (including Plaintiffs, the Collective Action Members, and the Class) who were engaged in commerce or the production of goods for commerce.

27.     Upon information and belief, Defendants each had annual gross revenues in excess of $500,000 for all relevant periods herein.

28.     Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of the FLSA and the NYLL, and/or were otherwise legally responsible for the matters alleged in this Complaint and proximately caused Plaintiffs, the Collective Action Members, and the Class to be subject to the unlawful pay practices described in this Complaint.

29.     Defendants issued paychecks to Plaintiffs and all similarly situated employees during their employment.

30.     Defendants directed the work of Plaintiffs and similarly situated employees, and benefited from work performed that Defendants suffered or permitted from them.

31.     Plaintiffs and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

32.     Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

33.     Defendants employed Plaintiffs, the Collective Action Members, and the Class as MMs.

34.     Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiffs, the Collective Action Members, and the Class.

35.     Plaintiffs', the Collective Action Members', and the Class' work as MMs was performed in the normal course of Defendants' business and was integrated into it.

36.     Consistent with Defendants' policy, pattern and/or practice, Plaintiffs, the Collective Action Members, and the Class regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and the NYLL.

37.     The number of shifts Plaintiffs, each individual Collective Action Member, and each Class Member worked per week can be ascertained from Defendants' records.

38.     Marshalls has assigned all of the work that Plaintiffs, the Collective Action Members, and the Class have performed, and Marshalls is aware of all the work that they have performed.

39.     This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

40.     Throughout any time three years prior to the date of filing this Complaint to the entry of judgment in this case (the "Collective Action Period"), and any time six years prior to the date of filing this Complaint to the entry of judgment in this case (the "Class Period"), the Plaintiffs, the Collective Action Members, and the Class, performed the same primary job duties including but not limited to:

    a.      Working the cash registers

    b.      Stocking displays, tables, racks and shelves

    c.      Folding clothes

    d.      Building displays

    e.      Unpacking boxes

    f.      Unloading freight

g.      Neatening displays, tables racks and shelves

h.      Changing prices

i.      Organizing the store according to detailed corporate directives called planograms, flows, and adjacencies

j.      Providing customer service

k.      Putting up and taking down signs

l.      Collecting garbage

m.      Collecting shopping carts and shopping baskets.

41.    Throughout the Collective Action and Class Periods, the primary job duties of Plaintiffs, the Collective Action Members, and the Class did not include:

- Independently hiring other employees

- Independently terminating other employees

- Disciplining other employees

- Directing the work of other employees

- Exercising meaningful independent judgment and discretion

- Deviating from Defendants' policies and procedures, which constrain them from managing or exercising discretion and independent judgment

- Increasing or decreasing the compensation of other employees

- Controlling the labor budget

- Deciding what products are sold in Defendants' stores

- Deciding what prices to charge for the products sold in Defendants' stores.

42.    The primary job duties of Plaintiffs, the Collective Action Members, and the Class did not materially differ from the duties of non-exempt hourly paid employees.

43.     The primary duties of the Plaintiffs, the Collective Action Members, and the Class were manual in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs', Collective Action Members', and the Class' working hours.

44.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Marshalls classified all MMs as exempt from coverage of the overtime provisions of the FLSA and NYLL.

45.     Upon information and belief, Marshalls did not perform a person-by-person analysis of the job duties of MMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and the NYLL.

46.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs and similarly situated MMs worked.  Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store.  Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated MMs (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation.  This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

47.     Defendants acted willfully and knew, by virtue of the fact that their Store Managers and District Managers (as their authorized agents) actually saw Plaintiffs and other similarly situated MMs perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

48.     As an experienced and practical retailer operating over 900 stores throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and other similarly situated MMs were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption.  Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated MMs as non-exempt employees.

49.     Defendants' unlawful conduct, pursuant to a centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs, recklessly and willfully violated the FLSA and NYLL.

50.     As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and NYLL with respect to Plaintiffs, the Collective Action Members, and the Class.  This policy, pattern, and/or practice includes, but it is not limited to the foregoing knowledge of their obligations and the kind of work that Plaintiffs, the Collective Action Members, and the Class were and have been performing, and that, as a result, Defendants have been:

        a.     willfully misclassifying Plaintiffs, the Collective Action Members, and the Class as exempt from the overtime requirements of the FLSA and the NYLL;

        b.     willfully failing to pay Plaintiffs, the Collective Action Members, and the Class overtime wages for hours they worked in excess of 40 hours per week; and

c.      willfully failing to provide enough money in their store-level labor

budgets for their non-exempt employees to perform their duties and

responsibilities, forcing their exempt MMs to perform such non-exempt

tasks.

51.      Defendants' willful violations of the FLSA and NYLL are further demonstrated

by the fact that, during the course of the Collective Action Period and Class Period and

continuing to the present, Defendants failed to maintain accurate and sufficient time records for

Plaintiffs, the Collective Action Members, and the Class.  Defendants acted recklessly or in

willful disregard of the FLSA and NYLL by instituting a policy and/or practice that did not

allow Plaintiffs, the Collective Action Members, and the Class to record all hours worked.

52.      Due to the foregoing, Defendants' failure to pay overtime wages for work

performed by Plaintiffs, the Collective Action Members, and the Class in excess of 40 hours per

workweek was willful and has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53.      Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA

claims as a Collective Action on behalf of all persons who are currently or were formerly

employed by Marshalls as MMs employed by Defendants within the United States during the

Collective Action Period.  This Collective Action excludes any individuals having the title of,

and holding the position of, Operations Managers.

54.      Marshalls is liable under the FLSA for, *inter alia*, failing to pay proper overtime

wages to Plaintiffs and other similarly situated employees.

55.      There are many similarly situated current and former MMs who have not been

paid proper overtime wages in violation of the FLSA and who would benefit from the issuance

of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

56.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## NYLL CLASS ACTION ALLEGATIONS

57.     Plaintiffs Ramirez and Santillan bring their NYLL claims as a Class Action on behalf of all persons who are currently or were formerly employed by Marshalls as MMs employed by Defendants in New York during the Class Period.  This Class excludes any individuals having the title of, and holding the position of, Operations Managers.

58.     The persons in the Class are so numerous that joinder of is impracticable.  The precise number of such persons are known to Defendants, are readily ascertainable, and can be easily determined from Defendants' records.

59.     Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief with respect to the Class as a whole.

60.     There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a.     whether Defendants have failed and/or refused to pay Plaintiffs and the Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b.      whether Defendants willfully failed to comply with the notice and

recordkeeping requirements of NYLL §§ 198(1)(b) and 198(1)(d);

c.      the nature and extent of class-wide injury;

d.      whether the Defendants have a policy of misclassifying MMs as exempt

from coverage of the overtime provisions of the NYLL;

e.      whether Defendants' policy of misclassifying MMs was done willfully;

and

f.      whether Defendants can prove that their unlawful policies were

implemented in good faith.

**FIRST CAUSE OF ACTION:**
**<u>(FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)</u>**

61.     Plaintiffs, on behalf of themselves and the Collective Action Members, reallege

and incorporate by reference paragraphs 1 through 52 as if they were set forth again herein.

62.     At all relevant times, Defendants employed Plaintiffs, and employed or continues

to employ, each of the Collective Action Members within the meaning of the FLSA.

63.     Marshalls has engaged in a widespread pattern and practice of violating the

FLSA, as detailed in this Complaint.

64.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §

216(b).

65.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to

Marshalls.

66.     At all relevant times and continuing to the present time, Defendants had a policy

and practice of refusing to pay overtime compensation to their MMs for hours worked in excess

of 40 hours per workweek.

67.     As a result of Defendants' willful failure to compensate Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68.     As a result of Defendants' willful failure to record, report, credit, and/or compensate Plaintiffs and the Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

69.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for their stores, Defendants knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

70.     Due to Defendants' failure to provide sufficient labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Collective Action Members, Defendants' actual knowledge, through their Store Managers and District Managers, that the primary duties of Plaintiffs and the Collective Action Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs and the Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage

requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by 29 U.S.C. § 255(a).

71.     Upon information and belief, at all relevant times, each Defendant has had gross revenues in excess of $500,000.

72.     As a result of Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants (a) overtime compensation, (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

73.     Because Marshalls' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
## (NEW YORK LABOR LAW:  UNPAID OVERTIME WAGES)
## (Brought on Behalf of Plaintiffs Ramirez and Santillan)

74.     Plaintiffs Ramirez and Santillan (the "NY Plaintiffs"), on behalf of themselves and the Class Members, reallege and incorporate by reference paragraphs 1 through 52, as if they were set forth again herein.

75.     At all times relevant to this action, Defendants employed the NY Plaintiffs and employed or continues to employ, each of the Class Members within the meaning of the NYLL.

76.     Marshalls has engaged in a widespread pattern and practice of violating the overtime wage provisions of Article 19 of the NYLL and its supporting regulations, as detailed in this Complaint.

77.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

78.     Marshalls has failed to pay the NY Plaintiffs and the Class the overtime wages to which they are entitled under the NYLL.

79.     By virtue of Defendants' failure to pay the NY Plaintiffs and the Class overtime wages for all hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

80.     As a result of Defendants' policy and/or practice to minimize labor costs by providing their stores with an underfunded labor budget, Defendants willfully caused Plaintiffs and the New York Class Members to perform primarily manual labor and non-exempt tasks.

81.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the limited labor budgets on the job duties of the NY Plaintiffs and the New York Class Members, Defendants' actual knowledge, through their Store Managers and District Managers, that the primary duties of the NY Plaintiffs and the Class Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of the NY Plaintiffs' and the Class Members' job duties to ensure that they were primarily performing exempt job duties, Defendants' failure to conduct an investigation and/or time study to determine whether the NY Plaintiffs and the Class Members primarily performed exempt job duties, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements,  Defendants knew and/or showed reckless disregard as to whether their conduct was prohibited by the NYLL.

82.     As a result of Defendants' willful violations of the NYLL, the NY Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime wages,

reasonable attorneys' fees and costs of the action, liquidated damages, and prejudgment and post-judgment interest.

83.     Defendants' NYLL violations have caused the NY Plaintiffs and the Class irreparable harm for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION
### (NEW YORK LABOR LAW: FAILURE TO COMPLY WITH NOTICE AND RECORDKEEPING REQUIREMENTS)
### (Brought on Behalf of Plaintiffs Ramirez and Santillan)

84.     Plaintiffs Ramirez and Santillan, re-allege and incorporate by reference paragraphs 1-52, as if they were set forth fully again herein.

85.     NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least three years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee.

86.     NYLL § 661 requires that Defendants maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

87.     12 N.Y.C.R.R. § 142-2.6 requires that Defendants establish, maintain, and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

88.     NYLL § 195(3) requires that Defendants furnish each of their employees with a statement with every payment listing gross wages, deductions, and net wages, and upon request of an employee, an explanation of the computation of wages.

16

89.     N.Y.C.R.R. § 142-2.7 requires that Defendants furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

90.     Defendants did not provide the NY Plaintiffs and the Class Members with the requisite notices and statements described above in the foregoing paragraphs.

91.     As a result of Defendants' failure to comply with the notice and recordkeeping requirements of NYLL §195(1) and 195(3), the NY Plaintiffs and the Class Members are entitled to recover from Defendants all penalties as provided by NYLL § 198(1)(b) and 198(1)(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Collective Action Members, and the Class Members seek and are entitled to and pray for the following relief:

a.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to members of the Collective Action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

c.      An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA and the NYLL using the following common methodology for

calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NYLL;

e.     An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.     Certification of the claims brought in case under the NYLL, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g.     Designation of the Plaintiffs Ramirez and Santillan as representatives of the Class, and counsel of record as Class Counsel;

h.     Injunctive relief, pursuant to the NYLL, enjoining Defendants from engaging in the practices alleged herein;

i.     Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and recordkeeping requirements of NYLL §§ 195(1) and 195(3);

j.     An award of pre-judgment and post-judgment interest;

k.     An award of costs and expenses of this action together with reasonable attorneys' and experts' fees and an award of a service payment to each of the Plaintiffs; and

l.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact

raised by the Complaint.

Dated: Rye Brook, New York
      February 10, 2014

**KLAFTER OLSEN & LESSER LLP**

By__s/Fran L. Rudich_____
      Fran L. Rudich
Seth R. Lesser*
Michael J. Palitz*
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone:    (914) 934-9200

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Mathew A. Parker*
HEPWORTH, GERSHBAUM &
ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:    (212) 545-1199

***Attorneys for Plaintiffs***

*to apply for admission *pro hac vice*